# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

| | |
|---|---|
| **CARRIE HICKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:04-1127** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### **PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Standing Order, this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is the Plaintiff's "Brief in Support of Complaint and Motion for Remand," as well as Defendant's Motion for Judgment on the Pleadings.

The Plaintiff, Carrie Hickson (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on July 1, 2002 (protective filing date), alleging disability as of January 1, 2002, due to PTSD (post-traumatic stress disorder), bipolar disorder, anxiety, panic attacks, injuries to the knees, and back pain. (Tr. at 68-71, 614-16, 36, 43.) The claims were denied initially and upon reconsideration. (Tr. at 36-40, 43-44, 618-22, 624-25.) On August 11, 2003, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 33, 46.) The hearing was held on May 13, 2004 before the Honorable Brian P. Kilbane. (Tr. at 630-63.) On July 23, 2004, the ALJ issued

a decision denying the claim for benefits. (Tr. at 12-26.) The ALJ's decision became the final decision of the Commissioner on September 24, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 7-9.) On October 19, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 16.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairments of bipolar disorder and pain disorder resulting from injuries to the back and knees. (Tr. at 17.) The ALJ further noted that Claimant was a chronic alcohol and drug abuser. (Tr. at 17.) At the third inquiry, the ALJ concluded that when alcohol and drug abuse are not considered, Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17, 25, Finding No. 5.) He found that when alcohol and drug abuse were considered, Claimant's impairments met the requirements of sections 12.04 and 12.06 of Appendix 1. (Tr. at 25, Finding No. 4.) The ALJ then determined that when alcohol and drugs are not considered, Claimant had a residual functional capacity ("RFC") for light work with additional limitations, including a sit/stand option. (Tr. at 23.) As a result, Claimant could not return to her past relevant work. (Tr. at 23.) Nevertheless, the ALJ concluded that Claimant could perform other jobs such as amusement attendant, assembler, and hand packager, all of which existed in significant numbers in the national economy. (Tr. at 24.) On this basis, benefits were denied.

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v.Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on April 26, 1978, and was 26 years old at the time of the administrative hearing. (Tr. at 69.) Claimant has a high school education, attended college, and served in the military for about two years. (Tr. at 86, 639.) In the past, she worked at various jobs, including retail clerk, cashier/desk clerk, and maid. (Tr. at 658-59.)

<u>The Medical Record</u>

The Court has considered all evidence of record, including the medical evidence and will discuss it below as it relates to Claimant's arguments. Because Claimant raises no argument regarding her physical condition, the Court does not discuss any evidence concerning Claimant's

physical impairments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to rely upon medical expert evidence in determining that Claimant was not disabled without consideration of her drug and alcohol abuse. Claimant also asserts that her treating physician opined that she would be disabled regardless of her alcohol and drug addiction. The Commissioner asserts that Claimant's arguments are without merit.

1. Consideration of Alcohol and Drug Abuse/Addiction

Claimant asserts that there is no medical expert opinion evidence supporting the ALJ's determination that Claimant is not disabled absent alcohol and drug abuse. She argues that the ALJ was improperly acting as a medical expert in reaching this decision. The Commissioner asserts that this argument is without merit.

In 1996, Congress amended the Social Security Act to preclude individuals suffering from alcoholism or drug addiction from receiving benefits. The amendment ("Amendment") applies to all cases which were not "finally adjudicated by the Commissioner" prior to March 29, 1996. Pub. L. 104-121, § 105(a)(5)(A), 110 Stat. 847, 853 (1996). Claimants whose cases were finally adjudicated prior to March 29, 1996, continued receiving benefits until January 1, 1997. Id.

The Act states that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The Amendment and the social security regulations set up a two-step analysis for determining this issue. Briefly, the ALJ first must determine whether the claimant is disabled. See 20 C.F.R. § 416.935 (2004). If the ALJ does

5

conclude that the claimant is disabled, he must then ask whether alcoholism or drug addiction is a contributing factor to claimant's disability. See id. Alcoholism or drug addiction is a contributing factor if the claimant would not be disabled if he stopped using alcohol or drugs. See 20 C.F.R. § 416.935(b)(1) (2004).

> In more detail, the regulation provides as follows:
>
> § 416.935 How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (a) *General*. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness.
> (b) *Process we will follow when we have medical evidence of your drug addiction or alcoholism.*
>> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>> (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935 (2004).

In the instant case, the ALJ determined that Claimant suffered from bipolar affective disorder and pain disorder, impairments which were severe. (Tr. at 17.) The ALJ determined that when considering Claimant's alcohol and drug abuse, the severity of her impairments met the

requirements of listed impairments in Appendix 1 of the Regulations. (Tr. at 25, Finding No. 4.) Noting that Public Law 104-121 prohibits payment of disability benefits based upon alcohol and drug abuse, however, he proceeded to find that when not considering substance abuse, Claimant's impairments did not meet or equal a listed impairment in Appendix 1. (Tr. at 25, Finding No. 5.)

The ALJ considered Claimant's mental impairments in accordance with the special technique prescribed by the Regulations.[1] (Tr. at 17.) He rated Claimant's degree of limitation in the four areas of functioning both with and without consideration of her substance abuse. (Tr. at 17.) He found that when the effects of alcohol and drug abuse were considered, Claimant was **moderately** restricted in activities of daily living; had **marked** difficulties in maintaining social functioning; and had **marked** difficulties in maintaining concentration, persistence, and pace. (Tr. at 17.) When considering Claimant's mental impairments without the effects of alcohol or drugs, the ALJ found

---

[1] When a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its findings if the claimant is determined to have such an impairment. Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. A rating of "none" or "mild" in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace) and "none" in the fourth (episodes of decompensation) will yield a finding that the impairment(s) is/are not severe unless evidence indicates more than minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).

Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a(d)(2). Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the Claimant's residual functional capacity. 20 C.F.R. §§ 404.1520a(d)(3) and 416.920a(d)(3).

that she had **mild** restriction of activities of daily living; **mild** difficulties in maintaining social functioning; and **moderate** difficulties in maintaining concentration, persistence, and pace. (Tr. at 17.) Although the ALJ did not make a specific finding regarding episodes of decompensation of extended duration, he apparently found no repeated episodes of such. State agency physicians reviewing the record found none, and Claimant does not challenge this finding. (Tr. at 191, 227.) The ALJ ultimately determined that Claimant was capable of performing light work with additional limitations, and identified jobs existing in the national economy which she could perform. (Tr. at 23-24.)

Contrary to Claimant's assertions, the ALJ did rely upon medical expert opinion evidence in making his decision. The ALJ properly relied upon the opinion of Dr. Clark, a state agency medical consultant. The Regulations provide that state agency medical and psychological consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose opinions must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(I) (2004). Accordingly, the ALJ properly relied upon this opinion and afforded it significant weight. Dr. Clark reviewed the evidence and completed a Psychiatric Review Technique in June 2003, opining that without consideration of drug and alcohol abuse, Claimant had mild restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in  maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration. (Tr. at 227.) With alcohol and substance abuse, she had moderate restriction of  activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration. (Tr. at 227.) Dr. Clark noted that Claimant had a long

history of abusing alcohol and drugs and that she did not show mood extremes when she was placed on home confinement. (Tr. at 241.) She opined that if Claimant were to refrain from drugs and alcohol she would be able to perform work-like activities. (Tr. at 241.)

As Dr. Clark and the ALJ noted, Claimant abstained from alcohol and drug use and attended counseling during a period of home confinement in 2003. (Tr. at 287.) The ALJ noted that during this time period, Claimant did not exhibit behavioral extremes and had only moderate limitations in sustained concentration and decisionmaking. (Tr. at 23.) The Veteran's Administration physician rated Claimant's GAF at 55, indicating only moderate symptoms.[2] (Tr. at 287.) Additionally, the ALJ noted that this was consistent with the report of Dr. Eitel, who evaluated Claimant in March 2004 and opined that she had only moderate symptoms (GAF of 60). (Tr. at 23, 603.) Additionally, the ALJ cited Claimant's good college grades and the opinion of another physician that Claimant should find a job in support of his determination of non-disability when not considering drug and alcohol abuse. (Tr. at 593, 574.) The ALJ properly relied upon the opinion of Dr. Clark, along with the other evidence of record and the ALJ's own credibility determination, in determining that Claimant's was not disabled absent alcohol and drug abuse and that her substance abuse problems were therefore material to disability. See Rehder v. Apfel, 205 F.3d 1056, 1060 (8th Cir. 2000) (relying in part upon opinion of non-examining state agency consultant in determining that substance abuse was material to disability). Accordingly, the undersigned finds that Claimant's argument is without merit.

---

[2] The Global Assessment of Functioning ("GAF") Scale is used to rate overall psychological functioning on a scale of 0 to 100. A GAF of 51-60 indicates that the person has "[m]oderate symptoms . . . or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") 32 (4th ed. 1994).

2. Evidence Submitted to the Appeals Council

Claimant also argues that evidence submitted to the Appeals Council shows that she would be disabled even without consideration of alcohol and drug abuse. She asserts that a letter from her treating physician, Dr. Hutton, states that she is disabled even when not considering her alcohol and drug abuse. Claimant asserts that this evidence supports her position of disability.

Considering evidence which Claimant submitted to the Appeals Council and the Appeals Council included in the record, the Fourth Circuit concluded in Wilkins v. Secretary, Dept. of Health and Human Serv., 953 F.2d 93, 96 (4th Cir. 1991)(*en banc*), that Courts reviewing decisions of the Social Security Administration must consider "the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Thus, reviewing Courts must consider new evidence which the claimant submits while the decision of the Appeals Council is pending even when the Appeals Council denies the claimant's request for review. See also Adkins v. Barnhart, 2003 WL 21105103, * 5 (S.D. W.Va.)(Stanley, M.J.). In deciding whether to grant review, the Appeals Council "must consider evidence submitted with the request for review . . . 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Wilkins, 953 F.2d at 95-96 (citations omitted). Evidence is "new" if it is not duplicative or cumulative. See id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id.

Claimant submitted a letter written by her treating physician, Dr. Hutton, to the Appeals Council in 2004. (Tr. at 626-29.) Dr. Hutton wrote a letter "[t]o whom it [m]ay [c]oncern," stating that he had treated Claimant for approximately two years for bipolar, PTSD, and pain management. (Tr. at 628-29.) Dr. Hutton opined that Claimant's impairments were severe and "persistently

disabling" and stated that the records from the Beckley VA Medical Center document "the absence of a substance abuse or alcohol abuse disorder." (Tr. at 629.) He opined that she was not "emotionally or cognitively reliable enough to function in a work environment . . . ." (Tr. at 628.) Dr. Hutton essentially opined that Claimant was disabled absent alcohol or substance abuse.

The Appeals Council specifically incorporated this evidence into the administrative record but found no basis for granting review of the ALJ's decision. As a result, the Court must review the record as a whole, including the new evidence, in order to determine if the Commissioner's decision is supported by substantial evidence. Wilkins v. Secretary, 953 F.2d 93, 96 (4th Cir. 1991). As the Commissioner notes, the letter is essentially an opinion that Claimant is totally disabled or unable to work, which is not entitled to any significant weight regardless of its source. See 20 C.F.R. § 404.1527(e)(1)-(3); 416.927(e)(1)-(3) (2004) (stating that a statement by a medical source that you are "disabled" or "unable to work" is an opinion on an issue reserved to the Commissioner, the source of which is not entitled to any special significance).

Additionally, the statements made in the letter are inconsistent with the remaining evidence of record, including Dr. Hutton's own treatment notes. In the letter, Dr. Hutton stated that Claimant was not diagnosed with alcohol or drug abuse problems, although both he and other physicians clearly diagnosed her with alcoholism and drug addiction on several occasions. (Tr. at 19, 21-23, 193, 229, 279-80, 285-91, 296, 552, 574, 629.) In March 2003, a VA physician noted that Claimant reported an alcohol abuse problem but seemed to "minimize" it. (Tr. at 279-80.) In January 2002, a notation appears, stating "sub abuse and alcohol abuse needs added to prob list." (Tr. at 285.) In April 2002, Dr. Hutton's notes recount an incident of "drug seeking" at the Richmond, Virginia VA Medical Center. (Tr. at 286.) Other VA treatment notes indicate problems with substance and

11

alcohol abuse. (Tr. at 289-94.) Claimant's responses to the CAGE Alcohol Abuse Screening were all positive, indicating alcohol abuse. (Tr. at 330.)

Dr. Hutton's letter was an opinion of total disability and was inconsistent with the other evidence of record, which the ALJ found supported a finding "that the claimant's primary impairment is substance abuse, both alcohol and drugs." (Tr. at 19.) For these reasons, the letter would not likely have changed the ALJ's decision and is therefore not "material," despite the fact that the Appeals Council considered the evidence and included it in the record. Accordingly, Claimant's argument is without merit, and the ALJ's decision is supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **DENY** the Plaintiff's Brief in Support of Complaint and Motion for Remand, **GRANT** the Defendant's Motion for Judgment on the Pleadings, **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

ENTER: October 25, 2005.

R. Clarke VanDervort
United States Magistrate Judge